**In re Petition for DISCIPLINARY ACTION AGAINST Edward C. OLSON, an Attorney at Law of the State of Minnesota.**

No. C4–97–12.

Supreme Court of Minnesota.

June 26, 1997.

### ORDER

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Edward C. Olson has committed professional misconduct warranting public discipline, namely allowing a suspended attorney, who was formerly a partner of his and who was acting as his law clerk, to manage the law firm trust account without adequate supervision, and to sign trust account checks, resulting in a misappropriation of client funds; and

WHEREAS, respondent unconditionally admits the allegations of the petition, waives his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility, and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline for the admitted misconduct is a public reprimand and 2 years' supervised probation on the following conditions:

a. Respondent shall cooperate fully with the Director's office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date this stipulation is executed. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor.

d. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Respondent shall maintain law office and trust account books and records in compliance with Rule 1.15, MRPC, and LPRB Amended Opinion No. 9. These books and records include the following: cash receipts journal, cash disbursements journal, client subsidiary ledger, checkbook register, monthly trial balances, monthly

trust account reconciliation, bank statements, canceled checks, duplicate deposit slips and bank reports of interest, services charges and interest payments to the Lawyer Trust Account Board. Such books and records shall be made available to the supervisor on a quarterly basis and to the Director at such intervals as he deems necessary to determine compliance.

f. Respondent shall not allow [the suspended lawyer] to hold himself out as an attorney authorized to practice law, to practice law out of the respondent's law office, to represent any clients before the courts or any administrative bodies, to handle client funds, or to have access to respondent's trust account, and shall enact written office policies concerning the above. Respondent shall ensure that any clients with whom [the suspended lawyer] has contact at respondent's law office are aware that he is not authorized to practice law, and that the client's matter is being handled by respondent, and

WHEREAS, this court has independently reviewed the record and agrees that the jointly recommended discipline is appropriate for the admitted conduct,

IT IS HEREBY ORDERED that respondent Edward C. Olson is publicly reprimanded and is placed on supervised probation for 2 years on the agreed to conditions set out above. Respondent shall pay to the Director $900 in costs.

BY THE COURT:

/s/ Alan C. Page
     Alan C. Page
     Associate Justice